HEIRS OF DEMETRIO RODRÍGUEZ ET AL., Plaintiffs and Appellants, *v.* ENRIQUE UMPIERRE, JR., Defendant and Appellee.

No. 5745. Argued April 15, 1932.—Decided December 6, 1932.

L. *Mercader* and *José E. Díaz* for appellants. *J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The plaintiffs in this case have taken an appeal from an adverse judgment entered in the lower court. The basis of the action is that the defendant's two-seated Packard automobile, occupied by the defendant's chauffeur and a servant girl, while in route from Barceloneta to Manatí on defendant's business with the People of Puerto Rico as contractor for the bridges in Barceloneta, struck and killed the plaintiffs' father through the negligence of the defendant's chauffeur.

The evidence did not show that defendant had any business in connection with the construction of the bridges that were built between Barceloneta and Manatí, the contractor thereof being a third person, but that he was a salaried employee of his father, Enrique Umpierre, who had contracted with the People of Puerto Rico for the construction of the approaches to the bridges. Therefore, it can not be maintained that the defendant had an enterprise there for the purpose of which his automobile was being used as is required

by section 1804 of the Civil Code in order to hold the owners of an establishment or enterprise liable for the injuries caused by their servants while in the performance of their duties or within the scope of their employment. That automobile was for the private use of the defendant and his wife, and went regularly to the town of Manatí to bring their breakfast and luncheon as they, although having their home in San Juan, were living temporarily at the construction work that was being executed by the father.

Perhaps on occasion some material for the construction work such as nails, or wire, was transported in this car while it was carrying the breakfast or luncheon, but that does not show that the automobile was used in the enterprise which, as we have stated, was not the business of the defendant but of his father.

In view of this evidence and of the fact that the defendant was not in the automobile when the accident to which the complaint refers occurred, the case must be governed by the jurisprudence established in *Vélez* v. *Llavina,* 18 P.R.R. 634, and approved in the cases of *Alicea* v. *Aboy,* 23 P.R.R. 100; *Truyol and Co.* v. *West Indies Oil Co.,* 26 P.R.R. 321, and *Méndez* v. *Baldassari,* 28 P.R.R. 571. These decisions hold that the owner of an automobile that is not in his business or enterprise is not liable for the negligence of his chauffeur; a doctrine that, as we said in the case of *Méndez* v. *Baldassari, supra,* was tacitly accepted by the Legislature in providing, four years after the decision in *Vélez* v. *Llavina, supra,* by section 17 of Act No. 75 of April 19, 1916, regulating the use of motor vehicles, that the owner of any motor vehicle shall be liable, for the injuries caused by the negligence of the driver, or chauffeur while said owner is in the vehicle.

This disposes of the third and fourth grounds for this appeal, and makes it unnecessary to consider the first two assigned.

The judgment appealed from must be affirmed.